FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2005 MAY 18 PM 4: 52

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| PATRICK BRINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PRISON HEALTH SERVICES; ) <br> CHATHAM COUNTY SHERIFF'S ) <br> DEPARTMENT; McARTHUR ) <br> HOLMES; JOHNNIE WELCHER; ) <br> SUSAN REINHIMER; and IEASHA ) <br> SCOTT, ) <br> ) <br> Defendant. ) | Case No. CV405-51 |

## REPORT AND RECOMMENDATION

On April 6, 2005, this Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has timely returned the two forms; the case is therefore ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983 against defendants.

In his complaint, plaintiff asserts that while incarcerated at the Chatham County Jail, he was denied effective medical treatment and was in pain for ten months. Specifically, he claims that when he entered the jail on December 1, 2003, he had tubes placed inside him due to kidney

problems. He states that he informed the Unit Nurse, Ieasha Scott, of his condition. Plaintiff further alleges that on or about December 15, 2003 the tubes moved out of place causing him to become sick, vomit blood, and become dehydrated. He states that all his requests for medical treatment were denied. He further alleges that he was neglected by the County Jail Administration, identified as defendants Johnnie Welcher and McArthur Holmes.

It appears that plaintiff attempts to state an Eighth Amendment claim against defendants for providing him insufficient medical care. The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on prisoners. Campbell v. Sikes, 169 F.3d 1353, 1362 (11th Cir. 1999). The Supreme Court has held that Eighth Amendment claims have both an objective and a subjective component: (1) the prisoner must allege a deprivation that is "sufficiently serious" to implicate constitutional concerns and (2) the prisoner must demonstrate that the prison official had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297-98 (1991)). "Deliberate indifference," the requisite state of mind for all

Eighth Amendment claims except excessive force, requires proof that the defendant disregarded a risk of harm of which he knew. Farmer, 511 U.S. at 829, 837 (rejecting an objective test and adopting a subjective one).

Because a prisoner is unable to care for his medical needs as a result of his incarceration, the Eighth Amendment requires prison authorities to provide medical care for those they incarcerate. Estelle v. Gamble, 429 U.S. 97, 103 (1976). Based on this rudimentary principle, the Supreme Court decided long ago that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id. at 105. The Court noted that an official's indifference could be manifested by a "prison doctor['s] . . . [inappropriate] response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. The Court was careful to caution, however, that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. For example, "an inadvertent failure to provide adequate medical care" does not violate a prisoner's rights. Id. at 105.

The Court finds the facts as stated by plaintiff and read in a light

4

most favorable to him, state a cognizable claim against defendants Scott, Holmes, and Welcher. However, the Court finds that plaintiff's claims against defendants Chatham County Sheriff's Department, Prison Health Services, and Susan Reinhimer should be DISMISSED.

The sheriff's department is not an entity subject to suit under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit); Lesikar v. Medical Staff, 2002 WL 441404, at *3 (N.D. Tex. Mar. 19, 2002) (citing Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police department and detention center not entities capable of being sued).

Plaintiff's claims against Dr. Reinhimer should be dismissed because Dr. Reinhimer is never mentioned in plaintiff's recitation of the facts. Because he has made no specific allegations against Dr. Reinhimer, plaintiff has failed to state a claim against him and he should be DISMISSED.

Plaintiff has also failed to state a claim against Prison Health Services. The only basis plaintiff has provided for his claim against this defendant is that Nurse Scott is one of its employees. Claims brought pursuant to § 1983 cannot be based upon theories of respondeat superior

or vicarious liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978). In other words, plaintiff cannot bring suit against Prison Health Services because it is Nurse Scott's employer. Rather, plaintiff must demonstrate either that an individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the entity's acts or omissions and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that the employing entity implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985).

An employing entity may also be subject to § 1983 liability when a history of widespread abuse puts the official on notice of the need to take corrective action and it fails to do so. Brown, 906 F.2d at 671; Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988). A causal connection between

the employing entity's acts or omissions and the plaintiff's injury is essential to establish liability. Plaintiff has also failed to specify how Prison Health Services is responsible for any alleged failures of its personnel. The claim against defendant Prison Health Services should therefore be DISMISSED.

For the foregoing reasons, the Court recommends that plaintiff's claims against defendants Prison Health Services, Chatham County Sheriff's Department, and Susan Reinhimer be DISMISSED. The Court does find that plaintiff has stated an Eighth Amendment claim against defendants Holmes, Welcher, and Scott. **The Clerk shall forward a copy of this complaint** to the United States Marshal for service upon defendants McArthur Holmes, Johnnie Welcher, and Iesha Scott to respond to plaintiff's allegation that he was denied proper medical care.

**SO REPORTED AND RECOMMENDED this** 18TH **day of May, 2005.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# United States District Court
## Southern District of Georgia

PATRICK BRINSON )

vs ) CASE NUMBER CV405-51

PRISON HEALTH SERVICES, et al ) DIVISION SAVANNAH

)

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated Mary 18, 2005, which is part of the official record of this case.

Date of Mailing: May 19, 2005

Date of Certificate ☐ same date, or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

Name and Address

Patrick PaulDeangelo Brinson, 1160730, Baldwin State Prison, P.O. Box 218, Hardwick, GA 31034

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate